**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-2380**
_____

VIDYA SAGAR,

Plaintiff - Appellant,

v.

ORACLE CORPORATION,

Defendant - Appellee.

_____

**No. 12-2487**
_____

VIDYA SAGAR,

Plaintiff - Appellant,

v.

ORACLE CORPORATION,

Defendant - Appellee.

_____

Appeals from the United States District Court for the District
of Maryland, at Greenbelt.  Peter J. Messitte, Senior District
Judge.  (8:10-cv-03510-PJM)

_____

Submitted:  April 23, 2013            Decided:  May 2, 2013

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

———————————

Vidya Sagar, Appellant Pro Se.  Edward Lee Isler, Lori Hunt Turner, ISLER, DARE, RAY, RADCLIFFE & CONNOLLY, PC, Vienna, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vidya Sagar filed a civil action against his former employer, Oracle Corporation ("Oracle"), alleging wrongful termination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. §§ 621-34 (West 2008 & Supp. 2012) ("ADEA"). In these consolidated appeals, Sagar appeals the district court's orders denying his "Motion to Challenge Routine Designation of Confidential" and "Corrected Motion to Challenge Routine Designation of Confidential." Sagar also appeals the district court's order granting summary judgment in favor of Oracle and denying his cross-motion for summary judgment. We affirm.

In appeal 12-2380, Sagar challenges the district court's denial of his motion and corrected motion to "Challenge Routine Designation of Confidential."[*] This court gives district courts "wide latitude in controlling discovery" and will not disturb discovery orders "absent a showing of clear abuse of

---

[*] Sagar also challenges the magistrate judge's denial of his motion for reconsideration of the denial of his motion to compel discovery. Sagar's notice of appeal, however, failed to designate the magistrate judge's order denying his motion for reconsideration as an order for which he sought review, as required by Fed. R. App. P. 3(c)(1). Moreover, because it does not appear from the record that the parties consented to the exercise of jurisdiction by the magistrate judge, and Sagar did not appeal the magistrate judge's order to the district court, the magistrate judge's order is not subject to appellate review in this court.

discretion." Rowland v. Am. Gen. Fin., Inc., 340 F.3d 187, 195 (4th Cir. 2003) (internal quotation marks omitted). Because Sagar does not assert that he has been unable to access Oracle's records or demonstrate that the documents at issue are not sensitive in nature, he fails to establish that the district court abused its discretion in refusing to grant his motions. Accordingly, we affirm the district court's denial of Sagar's motions.

This Court reviews a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To withstand a motion for summary judgment, the non-moving party must produce competent evidence to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere

4

scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)).

The ADEA forbids "an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a) (2006). Absent direct evidence of intentional discrimination, this Court analyzes ADEA claims under the burden-shifting framework established for Title VII claims in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 513-14 (4th Cir. 2006). Under this framework, Sagar must first establish a prima facie case of age discrimination by a preponderance of the evidence. Id. at 513. To establish a prima facie case of discrimination, Sagar must demonstrate that: "(1) he is a member of the protected class; (2) he was qualified for the job and met [Oracle]'s legitimate expectations; (3) he was discharged despite his qualifications and performance; and (4) following his discharge, he was replaced by a substantially younger individual with comparable qualifications." Id.

If a prima facie case is established, the burden shifts to Oracle to demonstrate "a legitimate, non-discriminatory reason" for Sagar's termination. Warch, 435 F.3d at 513-14. If Oracle meets this burden, "the presumption of

5

discrimination created by the prima facie case disappears from the case and the plaintiff must prove that the proffered justification is pretextual." Id. at 514 (internal quotation marks omitted).

After review of the record and the parties' briefs, we conclude that the district court did not err in granting summary judgment to Oracle. Sagar's claims fail at the prima facie stage because he does not offer any evidence from which a factfinder could conclude that, at the time of his discharge, he was meeting Oracle's legitimate expectations. Sagar also fails to establish that, following his discharge, he was replaced by a substantially younger individual with comparable qualifications. Further, even assuming, as the district court did, that Sagar made a prima facie showing, he fails to establish that Oracle's legitimate, nondiscriminatory reasons for discharging him were a pretext for intentional discrimination. Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6